20959

In the Matter of James RUBEN, Jr., Respondent.
(255 S. E. (2d) 348)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Richard B. Kale, Jr., L. Kennedy Boggs,* and *Perry M. Buckner,* Columbia, *for complainant.*

*J. Bruce Foster* and *T. Louis Cox,* Spartanburg, *for respondent.*

*Per Curiam:*

May 17, 1979.

In this disciplinary matter, respondent was charged with two acts of professional misconduct. One allegation concerned a violation of Disciplinary Rule 7-104(A)(2) of the

Code of Professional Responsibility and resulted from respondent's conversations with an individual whose interests were in conflict with those of respondent's client. Respondent was also charged with violating Disciplinary Rule 7-102(A) (2), (3), (4) and Disciplinary Rule 7-102(B)(1), (2) by practicing a deception upon the Court by fraudulent devices.

Prior to the commencement of a hearing before the Panel, respondent tendered his resignation from the practice of law, acceptance of which was denied by the Executive Committee of the Board and this Court. Subsequently, the Panel found respondent guilty of both charges and recommended he be publicly reprimanded and his proffered resignation be accepted. Thereafter, the Executive Committee voted to adopt the Panel Report recommending no amendments to the findings of facts or conclusions of law and recommended a sanction of public reprimand. In the proceedings before this Court respondent, represented by counsel, withdrew his proffered resignation.

The authority to discipline attorneys and the manner by which this discipline is administered rests entirely with this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1968). The Panel, in its findings of fact, concluded respondent, during the course of his representation in a domestic matter, substituted complaints in the courthouse and encouraged a false ground of divorce to be staged by his client. These actions constituted serious acts of fraud upon the Court and warrant severe sanction. *See e. g. Matter of Elliott*, 268 S. C. 522, 235 S. E. (2d) 111 (1977). The evidence fully sustains the findings of misconduct made by the Panel and concurred in by the full Board below, and we conclude respondent's conduct warrants disbarment. Accordingly, respondent is permanently disbarred from the practice of law in this State and he shall within five (5) days from the service of this opinion deliver his certificate of admission to practice to the Clerk of this Court for cancellation.